# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE S. GANEOUS, | : | CIVIL ACTION NO. **3:CV-14-0443** |
| Petitioner | : | (Judge Kosik) |
| v. | : | (Magistrate Judge Blewitt) |
| DONNA ZICKEFOOSE, WARDEN | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

### I.  Background.

On March 7, 2014,[1] Petitioner, Andre S. Ganeous, currently an inmate at USP-Canaan, Waymart, Pennsylvania,[2] filed, *pro se*, a Petition Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner paid the $5.00 filing fee. Petitioner's habeas petition is a 3-page handwritten document. Petitioner names as the sole Respondent Donna Zickenfoose, Warden at USP-Canaan.

We have not yet issued a Show Cause Order and directed Respondent to respond to the habeas petition. We now give preliminary consideration to the habeas petition pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254(applicable to § 2241 petitions under Rule 1 (b)). *See Patton*

---

[1]Since the Habeas Petition was signed by Petitioner on March 7, 2014 (Doc. 1, p. 3), under the prison mailbox rule, we construe Petitioner's instant Petition as being filed on that date. *See Bond v. VisionQuest*, 410 Fed.Appx. 510 (3d Cir. 2011).

[2]We note that Petitioner Ganeous filed a prior *Bivens* civil rights action with this Court and that this case is closed. *See* Civil No. 12-2293, M.D. Pa.

*v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Romero v. Holt*, 2006 WL 3437360 (M.D. Pa.).[3]

Petitioner raises claims challenging his December 1986 District of Columbia conviction for carnal knowledge and sentence of 13 to 39 years. Petitioner states that he "is legally attacking his [District of Columbia] conviction and sentence by actual innocence, due process, and ineffective assistance of counsel." (Doc. 1, p. 2). Based on the discussion below, we will recommend that the Court transfer the instant habeas petition to the United States District Court for the District of Columbia.

In his present habeas petition, incorrectly styled as being filed under §2241, Petitioner states that on December 16, 1986, he was convicted of carnal knowledge in the District of Columbia Superior Court and was sentenced to 13 to 39 years. Petitioner states that he did not ever file an appeal of his District of Columbia conviction and sentence. Petitioner states that he did not file an appeal since his counsel (James Tatem) rendered ineffective assistance to him by failing to file an appeal despite his request that his counsel file an appeal. In fact, one of Petitioner's three claims in his instant habeas petition (Ground Three) is for ineffective assistance of counsel due to his counsel's alleged failure to file an appeal. As Ground One, Petitioner claims that he is actually innocent of his conviction since "no person may be convicted of a 'sex offense' on the uncorroborated testimony of the alleged victim." (Doc. 1, p. 2). As Ground Two, Petitioner claims that his due process rights were violated since he was not giving his *Miranda* "right's (sic) to counsel"

---

[3]Rule 4 provides in relevant part: "If it plainly appears from the petition and any attached exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

2

during a pre-trial identification line-up and questioning.

Thus, Petitioner claims that his 1986 District of Columbia conviction and sentence were illegal and he seemingly seeks to have his conviction vacated and his sentence overturned.

## II. Discussion.

Even though Petitioner states that his habeas petition is filed under §2241, since he "was convicted by a District of Columbia court, he is considered a state prisoner." *See Mowatt v. Ebbert*, 2011 WL 1877639, *6 (M.D. Pa. March 15, 2011)(citation omitted) adopted by 2011 WL 1878228 (M.D. Pa. May 17, 2011); *Shackleford v. Ebbert*, 2011 WL 1107024, *4 (M.D. Pa. Jan. 19, 2011) adopted by 2011 WL 1059732 (M.D. Pa. Mar. 23, 2011). Thus, even though Petitioner states that his habeas petition is pursuant to §2241, his petition is correctly filed under 28 U.S.C. §2254, since he is clearly challenging his 1986 District of Columbia Superior Court conviction and sentence. *See Robinson v. Reilly*, 340 Fed.Appx. 772, 773 (3d Cir. 2009); *McGill v. Sniezek*, 735 F.Supp.2d 162, 163 n. 1 (M.D. Pa. 2010)("For purpose of federal habeas relief, because [Petitioner] is in custody pursuant to a District of Columbia court judgment, he is a state prisoner and the petition is therefore properly considered one filed under 28 U.S.C. §2254.")(citing *Madley v. U.S. Parole Comm'n*, 278 F.3d 1306, 1309 (D.C. Cir. 2002); *Little v. Sniezek*, 2009 WL 115895, *1 (M.D. Pa. April 29, 2009)("As a state prisoner in custody pursuant to the judgment of a state court, [Petitioner] must rely on 28 U.S.C. §2254 to bring claims challenging the validity or the execution of his conviction and sentence.")(citing *Coady v. Vaughn*, 251 F.3d 480, 486 (3d Cir. 2001)). Therefore, Petitioner Ganeous' habeas petition challenging his 1986 District of Columbia Superior Court conviction and sentence should be construed as being brought under §2254.

In *Little v. Sniezek*, 2009 WL 115895, *1-*2, the Court stated:

> "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]....' '[T]hese provisions contemplate a proceeding against some person who has the *immediate* custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Rumsfeld v. Padilla,* 542 U.S. 426, 434–35, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004) (emphasis in original) (citations omitted). There is no question that this Court has jurisdiction over Little's Petition.
>
> However, notwithstanding the issue of jurisdiction, a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a); *Braden v. 30th Judicial Circuit of Kentucky,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Because habeas proceedings are generally considered civil in nature, *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987), the term "civil action" includes habeas petitions. *Parrott v. Government of Virgin Islands,* 230 F.3d 615, 620 (3d Cir.2000). Title 28 U.S.C. § 1391(b) provides as follows:
>
>> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. §1391.

In the above-referenced § 2254 habeas case, Petitioner Ganeous indicates that all of the events surrounding his present habeas claims occurred in District of Columbia Superior Court which

4

is located in the United States District Court for the District of Columbia. As mentioned, Petitioner challenges his 1986 District of Columbia conviction and sentence. As noted, Petitioner's only connection with the Middle District of Pennsylvania is his incarceration in this District. While there is no question that this Court has jurisdiction over Ganeous' habeas petition, we find that this case should be transferred to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1404(a).

With respect to Petitioner's challenge to his 1986 District of Columbia conviction and sentence, and his claims that he is actually innocent, that his due process rights were violated and that his District of Columbia trial counsel was ineffective, we will recommend that Petitioner's §2254 habeas petition be transferred to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1404(a). *See Little v. Sniezek, supra*; *Warren v. Williamson*, Civil No. 07-1717, M.D. Pa. (J. Kosik).[4]

Petitioner's instant habeas claims do not relate to his present conditions of confinement at USP-Canaan. Rather, Petitioner's habeas claims only challenge his District of Columbia conviction and sentence. Thus, Petitioner's instant habeas claims have no connection with the Middle District

---

[4]*See Peterson v. Shannon*, 2008 WL 5225819, *3 (M.D. Pa. 12-12-08)("As a general rule, a state prisoner must exhaust his available state court remedies before seeking habeas relief in federal court.")(citation omitted). As stated above, Petitioner concedes that he did not file an appeal under D.C. Code §23-110 regarding his 1986 District of Columbia conviction and sentence. Since Petitioner was convicted in the District of Columbia, his "sole post-conviction remedy lies under D.C. Code §23-110, and he may not proceed with a federal habeas petition unless §23-110 remedy 'is inadequate or ineffective to test the legality of his detention.'" *Warren v. Bledsoe*, 349 Fed.Appx. 687, 688 (3d cir. 2009)(citations omitted). However, since we will recommend Petitioner 's habeas petition be transferred to the U.S. District Court for the District of Columbia, we do not address if Petitioner exhausted his habeas claims in state court and if Petitioner timely filed his habeas petition.

of Pennsylvania, which is where Petitioner filed his habeas petition.

A 28 U.S.C. §2254 petition may be brought in the federal judicial district in which the state court of the conviction is located and, when the prisoner is confined in a prison located in another federal district in the same state as the state of conviction, the petition may be brought in the district of confinement. The district court for the district in which the petition is filed may transfer the petition to the district court for the district of the conviction when to do so is in the interests of justice. 28 U.S.C. §2241(d).

The trial court, namely, District of Columbia Superior Court, is located within the jurisdiction of the United States District Court for the District of Columbia. All records of Petitioner's state court conviction, transcripts of proceedings, witnesses, counsel, and conviction records are also located within the District of Columbia. As stated, we find that Petitioner 's §2254 habeas petition has no relation to his confinement in the Middle District of Pennsylvania.

We find that the Court should transfer Petitioner's habeas petition to the United States District Court for the District of Columbia. We find that for the convenience of the parties and witnesses, and in the interest of justice this Court should transfer Petitioner's habeas petition to the United States District Court for the District of Columbia. *See Little v. Sniezek, supra; Warren v. Williamson, supra*.

Thus, we will recommend that Petitioner Washington's habeas petition be transferred to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1404(a).

### III. Recommendation.

Based on the foregoing, it is respectfully recommended that Petitioner Ganeous' habeas petition **(Doc. 1)** be transferred to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1404(a).

                                              **s/ Thomas M. Blewitt**
                                              **THOMAS M. BLEWITT**
                                              **United States Magistrate Judge**

**Dated: March 21, 2014**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE S. GANEOUS, | : | CIVIL ACTION NO. **3:CV-14-0443** |
| Petitioner | : | (Judge Kosik) |
| v. | : | (Magistrate Judge Blewitt) |
| DONNA ZICKEFOOSE, WARDEN | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **March 21, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where

required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                          <u>**s/ Thomas M. Blewitt**</u>
                                          **THOMAS M. BLEWITT**
                                          **United States Magistrate Judge**

**Dated: March 21, 2014**